No. 903

FRANK CO. v. STREICH.

Ohio Appeals, 4th Dist., Scioto Co.

Decided Nov. 9, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

884. PAROL EVIDENCE—480. Evidence —Although telegrams and letters may be sufficient to evidence contract, parol evidence is admissible for purpose of identifying and applying terms of writing to subject matter of contract and for pointing out particular property then being sold.

Error to Common Pleas.

Judgment affirmed.

John A. Scanlon, Cincinnati, for Frank Co. Miller & Searl, Portsmouth, for Streich.

STATEMENT OF FACTS.

The A. & J. Frank Company filed a petition in the Common Pleas setting forth that Louise Streich agreed to sell and transfer to them 110 shares of The Missouri State Life Insurance Company's stock for $75.50 per share. It was sought to specifically enforce that contract in case specific performance could not be had the plaintiff asked for alternative damages in lieu thereof. Issue was joined upon the petition and the trial court found generally for the defendant.

The plaintiff relies upon a written contract arising from the interchange of certain telegrams and letters.

It is apparent from a reading of the two telegrams that these telegrams do not evidence all the negotiations nor the whole agreement of the parties.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MAUCK, J.

We need not stop to inquire whether the telegrams and letter were alone sufficient to evidence the contract for even if they were oral evidence is admissible for the purpose of identifying and applying the terms of the writing to the subject matter of the contract and for pointing out the particular property then being sold. 10 R. C. L. 1080, 23 R. C. L. 1390.

The trial court was warranted in believing the testimony of Mrs. Streich, and the presumption is that he did believe her. If that were true the contract that was made by these parties was that Mrs. Streich, as administratrix, was to sell the plaintiff the certificate of stock then owned by her decedent's estate. This she did by forwarding the certificate indorsed by her to a Cincinnati bank. The plaintiff refused to accept it because certain formalities of the laws of the state of Missouri had not been complied with. Now from the record the court might have found that Mrs. Streich had done all that she had agreed to do when she forwarded the indorsed certificate, as it was, and if the court so found, the judgment could not be reversed as being against the weight of the evidence. The Court may have further found, from the testimony of both parties, that the minds of the parties never met at all. It may have found that Mrs. Streich was undertaking to sell this stock because she had an immediate need for the money and that she was not making a contract by which she would realize upon this stock at some indefinite day in the future but was to have her money at once or not at all, while the plaintiff may have thought it was not to pay for the stock until the provisions of the Missouri law had been fully complied with. If that was the view of the trial court, upon the facts, the judgment he rendered was right on the theory no contract was ever made between the parties because their minds had never met at a common point.

(Middleton, J., concurs. Sayre, PJ., not sitting.)